IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT IN AND FOR
POLK COUNTY, FLORIDA

CASE NO.:

SORALIZ CARTAGENA and
NELSON FIGUEROA, individually
and on behalf of their child,
███████████████, a minor,

    Plaintiffs,

v.

MARIA MARTINO-VILLANUEVA, M.D.,
KRYSTA FEE, CNM,
WOMEN'S CARE FLORIDA, LLC and
SUNCOAST COMMUNITY HEALTH CENTERS, INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL ON ALL COUNTS

Plaintiffs, SORALIZ CARTAGENA and NELSON FIGUEROA, individually and on behalf of their child, ███████████████, a minor, by and through their undersigned attorneys, hereby sues and files this Complaint against Defendants, MARIA MARTINO-VILLANUEVA, M.D., KRYSTA FEE, CNM, WOMEN'S CARE FLORIDA, LLC, and SUNCOAST COMMUNITY HEALTH CENTERS, INC., and state as follows:

### GENERAL ALLEGATIONS

1. This is a civil action for damages in excess of Thirty Thousand Dollars ($30,000), the minimum jurisdictional requirement of this Court, exclusive of interest and costs.

2. At all times material hereto, Plaintiffs, SORALIZ CARTAGENA and NELSON FIGUEROA, were natural persons residing in Polk County, Florida, and are the parents of ███████████████ (hereinafter known as "baby ███████████").

1

3. At all times material hereto, Defendant, MARIA MARTINO-VILLANUEVA, M.D. (hereinafter known as "MARTINO"), was and is a physician licensed to practice medicine in the State of Florida and who held herself out as being trained, skilled and able to provide appropriate medical services, including but not limited to obstetrics and gynecology services, to patients in Polk County, Florida, and provided such services to Plaintiff, SORALIZ CARTAGENA, and baby █████.

4. At all times material hereto, Defendant, WOMEN'S CARE FLORIDA, LLC, (hereinafter known as "WOMEN'S CARE FLORIDA"), was a Florida Limited Liability Company licensed to do business in the State of Florida, and which provided medical care and treatment to Plaintiff, SORALIZ CARTAGENA, and baby █████ through its employees, servants and/or agents, who were acting within the course and scope of their employment and/or agency relationship with WOMEN'S CARE FLORIDA.

5. At all times material hereto, Defendant, MARTINO, was an agent, servant and/or employee of Defendant, WOMEN'S CARE FLORIDA, was acting in the course and scope of that employment at all times materal, and, as such, Defendant, WOMEN'S CARE FLORIDA, is vicariously liable for the negligence of Defendant, MARTINO, under the doctrine of *respondeat superior*.

6. At all times material hereto, Defendant, KRYSTA FEE, CNM (hereinafter known as "KRYSTA FEE"), was and is a certified nurse-midwife licensed to practice midwifery in the State of Florida and who held herself out as being trained, skilled and able to provide appropriate medical services, including but not limited to midwifery, to patients in Polk County, Florida, and provided such services to Plaintiff, SORALIZ CARTAGENA, and baby █████

7. At all times material hereto, Defendant, SUNCOAST COMMUNITY HEALTH CENTERS, INC., (hereinafter known as "SUNCOAST COMMUNITY HEALTH"), was a Florida corporation licensed to do business in the State of Florida, and which provided medical care and treatment to Plaintiff, SORALIZ CARTAGENA, and baby ▉▉▉▉▉▉ through its employees, servants and/or agents, who were acting within the course and scope of their employment and/or agency relationship with WOMEN'S CARE FLORIDA.

8. At all times material hereto, Defendant, KRYSTA FEE, was an agent, servant and/or employee of Defendant, SUNCOAST COMMUNITY HEALTH, was acting in the course and scope of that employment at all times materal, and, as such, Defendant, SUNCOAST COMMUNITY HEALTH, is vicariously liable for the negligence of Defendant, KRYSTA FEE, under the doctrine of *respondeat superior*.

9. All statutorily required conditions precedent to the maintenance of this action, have been performed, have occurred, or have been waived. All requirements of applicable Florida Statutes have timely been complied with prior to the filing of this action. Specifically, the Plaintiffs have complied with provision of Florida Statute 766.106, either by serving upon the Defendants, by certified mail, a Notice of Intent to Initiate Litigation and complying with all other provisions of Florida Statutes.

10. The undersigned attorneys filing this action have made a reasonable investigation as permitted by the circumstances to determine there are grounds for a good faith belief there has been negligence on the part of each named Defendant in the care and treatment of Plaintiff, SORALIZ CARTAGENA, and baby ▉▉▉▉▉▉ and that grounds exist for the filing of this action against each Defendant herein.

## GENERAL ALLEGATIONS COMMON TO ALL PARTIES

11. Plaintiff, SORALIZ CARTAGENA, received prenatal care at Defendant SUNCOAST COMMUNITY HEALTH from approximately July 21, 2016, at about 8.5 weeks gestation to approximately March 6, 2017, at about 41.2 weeks gestation.

12. On March 6, 2017, Plaintiff, SORALIZ CARTAGENA, was admitted to Lakeland Regional Medical Center for elective induction of labor at about 41.2 weeks gestation.

13. At or around 11:20 pm, the induction of labor for Plaintiff, SORALIZ CARTAGENA, was started with 1 mu/min of Pitocin. There was fetal tachycardia into the 180's that did not spontaneously resolve.

14. At or around 11:30 pm, nursing staff stopped the Pitocin and administered IV fluids.

15. At or around 1 am on March 7, 2017, the fetal tachycardia resolved, and the Pitocin was resumed.

16. From approximately 1 am to 12 pm on March 7, 2017, the fetal monitor tracing remained a Category 1.

17. The Pitocin was gradually increased to 5 mu/min at 6:12 am, where it remained for the rest of the labor.

18. At or around 7:07 am, there was a spontaneous rupture of membranes with clear odorless fluid and SVE was 5/90 (station was not documented).

19. During the day shift on March 7, 2017, the midwife was Defendant KRYSTA FEE.

20. From approximately 12 pm to delivery at or around 2:55 pm, the fetal monitor tracing was Category 2 and 3, with changes in baseline from 140's to 160's, periods of minimal variability, persistent variable decelerations, late decelerations, and deep prolonged decelerations.

21. Defendant KRYSTA FEE documented hourly progress notes during the period of non-reassuring tracing, noting that the tracing was reassuring, and that Defendant KRYSTA FEE was consulting with Defendant MARTINO.

22. Defendant MARTINO was noted by Defendant KRYSTA FEE and nursing staff to have been at the beside assessing Plaintiff, SORALIZ CARTAGENA, and reviewing the strip.

23. Nursing staff performed some intrauterine resuscitation such as turning and administering oxygen, however the Pitocin continued to run, and an IV fluid bolus was not done until at or around 2:32 pm. There was no indication that a C-section was ever considered by Defendant MARTINO.

24. At or around 2:55 pm on March 7, 2017, baby girl ▮▮▮▮ was delivered by Defendant MARTINO with the assistance of Defendant KRYSTA FEE.

25. Approximately 30 second after delivery, NICU was called for terminal meconium and respiratory depression. Baby ▮▮▮▮'s APGARs were 2 & 4, and no cord blood gas was done.

26. Baby ▮▮▮▮ was resuscitated, intubated, placed on a ventilator, and transported to the NICU.

27. At or around at 3:38 pm, the initial ABG of baby ▮▮▮▮ showed severe metabolic acidosis with pH of 6.952, HCO of 3 7.8 and BE of -23.8.

28. At or around 3:55 pm, cooling protocol was started, and baby ▮▮▮▮ was transferred by air to Nemours Children's Hospital at or around 5:35 pm.

29. Baby ▮▮▮▮ had a prolonged NICU stay at Nemours and was diagnosed with hypoxic ischemic encephalopathy (HIE).

5

30. ▇▇▇▇▇▇▇▇▇▇▇▇ has received medical interventions and therapies associated with her HIE, for which she has a permanent injury and significant impairments.

## COUNT I
## MEDICAL NEGLIGENCE BY MARIA MARTINO-VILLANUEVA, M.D.

Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs one (1) through thirty (30) above as if fully set forth herein.

31. At all material times, there existed a physician/patient relationship between Plaintiff, SORALIZ CARTAGENA, and the Defendant, MARTINO.

32. Defendant MARTINO had a duty to provide Plaintiff, SORALIZ CARTAGENA, and baby ▇▇▇▇▇ with the prevailing professional standard of care which is that level of medical care required as acceptable and appropriate by a reasonably prudent similar health care provider.

33. Defendant MARTINO breached that duty of care to Plaintiff, SORALIZ CARTAGENA, in one or more of the following ways:

   a. Defendant MARTINO failed to properly manage Plaintiff, SORALIZ CARTAGENA, a patient with recurrent late decelerations;

   b. Defendant MARTINO failed to timely and/or emergently call for an earlier delivery; and

   c. Defendant MARTINO failed to timely and appropriately communicate with and/or respond to the midwife, NICU team, and other medical providers.

34. All of the aforesaid acts of negligence fall below the standard care, skill and treatment which are recognized by other similar health care providers as being acceptable under similar conditions and circumstances.

35. As a direct and proximate result of the negligence of Defendant MARTINO as previously set forth, minor ▇▇▇▇▇▇▇▇▇▇ suffered a permanent injury.

36. In addition, minor ████████ suffered significant disability, pain and suffering, inconvenience, loss of the capacity for the enjoyment of life, medical expenses in the past and future, rehabilitative expenses for therapy and treatment, out-of-pocket expenses related to the disability in the past and future, loss of the ability to earn money, transportation costs in the past and future, emotional distress in the past and future, and all other compensable past and future economic and non-economic damages suffered by Plaintiffs, SORALIZ CARTAGENA and NELSON FIGUEROA, individually and on behalf of their child, JALIYAH FIGUEROA, a minor. These losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

WHEREFORE, Plaintiffs demand judgment against Defendant MARTINO for compensatory damages, interest if so warranted, costs, attorney's fees if so warranted, and such other relief as this Court deems just. PLAINTIFFS DEMAND A JURY TRIAL.

## COUNT II
### MEDICAL NEGLIGENCE BY KRYSTA FEE, CNM

Plaintiffs hereby readopt and reincorporate the allegations set forth in paragraphs one (1) through thirty (30) above as if fully set forth herein.

37. At all material times, there existed a midwife/patient relationship between Plaintiff, SORALIZ CARTAGENA and the Defendant, KRYSTA FEE.

38. Defendant KRYSTA FEE had a duty to provide Plaintiff, SORALIZ CARTAGENA, and baby ████ with the prevailing professional standard of care which is that level of medical care required as acceptable and appropriate by a reasonably prudent similar health care provider.

39. Defendant KRYSTA FEE breached that duty of care to Plaintiff, SORALIZ CARTAGENA, and baby ████ in one or more of the following ways:

a. Defendant KRYSTA FEE failed to interpret and recognize Category II FHR tracing;

b. Defendant KRYSTA FEE failed properly manage Plaintiff, SORALIZ CARTAGENA, a patient with repetitive late and variable decelerations;

c. Defendant KRYSTA FEE failed to discontinue administration of Pitocin after repetitive late and variable decelerations;

d. Defendant KRYSTA FEE failed to initiate intrauterine resuscitation after repetitive late and variable decelerations;

e. Defendant KRYSTA FEE failed to document communications and other important medical information;

f. Defendant KRYSTA FEE failed to timely and/or emergently call for an expedited birth; and

g. Defendant KRYSTA FEE failed to timely and appropriately communicate with the OBGYN and other medical providers.

40. All of the aforesaid acts of negligence fall below the standard care, skill and treatment which is recognized by other similar health care providers as being acceptable under similar conditions and circumstances.

41. As a direct and proximate result of the negligence of Defendant KRYSTA FEE as previously set forth, minor ███████████████ suffered a permanent injury.

42. In addition, minor ███████████████ suffered significant disability, pain and suffering, inconvenience, loss of the capacity for the enjoyment of life, medical expenses in the past and future, rehabilitative expenses for therapy and treatment, out-of-pocket expenses related to the disability in the past and future, loss of the ability to earn money, transportation costs in the

past and future, emotional distress in the past and future, and all other compensable past and future economic and non-economic damages suffered by Plaintiffs, SORALIZ CARTAGENA and NELSON FIGUEROA, individually and on behalf of their child, ▮▮▮▮▮▮▮▮▮▮▮, a minor. These losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

WHEREFORE, Plaintiffs demand judgment against Defendant KRYSTA FEE for compensatory damages, interest if so warranted, costs, attorney's fees if so warranted, and such other relief as this Court deems just. PLAINTIFFS DEMAND A JURY TRIAL.

## COUNT III
## CLAIM AGAINST WOMEN'S CARE FLORIDA, LLC, FOR VICARIOUS LIABILITY

Plaintiffs reallege and incorporate the allegations set forth in paragraphs one (1) through thirty-six (36) above as if fully set forth herein.

43. At all times material hereto the Defendant, MARTINO, was an agent, servant and/or employee of the Defendant, WOMEN'S CARE FLORIDA.

44. Pursuant to the doctrine of *respondeat superior* and as a result of the agency relationship between Defendant, MARTINO, and Defendant, WOMEN'S CARE FLORIDA, any negligence of Defendant MARTINO, is attributable to Defendant, WOMEN'S CARE FLORIDA.

WHEREFORE, Plaintiffs demand judgment against Defendant WOMEN'S CARE FLORIDA for compensatory damages, interest if so warranted, costs, attorney's fees if so warranted, and such other relief as this Court deems just. PLAINTIFFS DEMAND A JURY TRIAL.

2021CA-000336-0000-00    Received in Polk 02/05/2021 09:10 AM

## COUNT IV
## CLAIM AGAINST SUNCOAST COMMUNITY HEALTH CENTERS, INC., FOR VICARIOUS LIABILITY

Plaintiffs reallege and incorporate the allegations set forth in paragraphs one (1) through thirty (30), and thirty-seven (37) through forty-two (42) above as if fully set forth herein.

45.	At all times material hereto the Defendant, KRYSTA FEE, was an agent, servant and/or employee of the Defendant, SUNCOAST COMMUNITY HEALTH.

46.	Pursuant to the doctrine of *respondeat superior* and as a result of the agency relationship between Defendant KRYSTA FEE and Defendant SUNCOAST COMMUNITY HEALTH, any negligence of Defendant KRYSTA FEE is attributable to Defendant SUNCOAST COMMUNITY HEALTH.

WHEREFORE, Plaintiffs demand judgment against SUNCOAST COMMUNITY HEALTH for compensatory damages, interest if so warranted, costs, attorney's fees if so warranted, and such other relief as this Court deems just. PLAINTIFFS DEMAND A JURY TRIAL.

Respectfully submitted on this 5th day of February, 2021.

*/s/ Jonathan T. Gilbert*
**Jonathan T. Gilbert, Esq.**
Florida Bar No.: 064829
**Ronald S. Gilbert, Esq.**
Florida Bar No.: 375421
Colling Gilbert Wright & Carter, LLC
801 N. Orange Avenue, Suite 830
Orlando, Florida 32801
Telephone: (407) 712-7300
Facsimile: (407) 712-7301
E-mail: JGilbert@TheFloridaFirm.com
E-mail: RGilbert@TheFloridaFirm.com
E-mail: CertificateofService@TheFloridaFirm.com
*Attorneys for Plaintiffs*

2021CA-000336-0000-00        Received in Polk 02/05/2021 09:10 AM