# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SORALIZ CARTAGENA and
NELSON FIGUEROA, individually
And on behalf of their child,
J.F., a minor,

       Plaintiffs,

v.                           Case No. 8:21-cv-00547-KKM-TGW

MARIA MARTINO-VILLANUEVA, M.D.;
KRYSTA FEE, CNM;
WOMEN'S CARE FLORIDA, LLC; and
SUNCOAST COMMUNITY HEALTH CENTERS, INC.

       Defendants.

_____/

## DEFENDANT UNITED STATES OF AMERICA'S
## MOTION TO DISMISS AND MEMORANDUM OF LAW

The United States of America[1] moves to dismiss Plaintiffs' Complaint

(Doc. 2) under Federal Rules of Civil Procedure 12(b)(6) for failure to state a

claim upon which relief can be granted and 12(b)(1) for lack of subject matter

jurisdiction. Plaintiffs failed to file administrative claims with the appropriate

---

[1] The United States previously moved to substitute itself for Suncoast Community
Health Centers, Inc., and two of its employees who were named individually in this
suit, Dr. Maria Martino-Villanueva and Krysta Fee, CNM.  Plaintiff's counsel has
noted his objection to the motion, but his opposition is not yet due.  For the purposes
of this motion, the United States answers on behalf of Suncoast Community Health
Centers, Inc., Dr. Martino-Villanueva, and Ms. Fee collectively.  Defendant
Women's Care Florida, LLC, is a non-federal entity and is not represented by the
United States.

federal agency within the time required by the Federal Tort Claims Act (FTCA), and therefore their claims are forever barred. Plaintiff Cartagena filed her administrative claim after the two-year filing period had expired. Plaintiff Figueroa never filed an administrative claim and therefore has failed to exhaust his administrative remedies. The United States asks the Court to dismiss Plaintiffs' Complaint.

## **BACKGROUND**

Plaintiff Soraliz Cartagena was a patient of Suncoast Community Health Center. Suncoast is a federally supported health center within the Public Health Service. Suncoast and its employees were deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2016.

Plaintiff Cartagena received prenatal care at Suncoast during her pregnancy in 2016-2017. At the recommendation of her Suncoast providers, Plaintiff Cartagena was induced to deliver her baby at Lakeland Regional Medical Center on March 7, 2017, under the supervision of Certified Nurse Midwife Krysta Fee, a Suncoast employee. During the delivery, Ms. Fee requested assistance from Dr. Martino-Villanueva, another Suncoast employee. Plaintiffs claim that the baby was injured because her delivery was delayed based on alleged medical malpractice by Dr. Martino, Ms. Fee, and Suncoast Community Health Centers, Inc.

Plaintiff Cartagena, individually and on behalf of her minor child, filed a Standard Form 95 with the United States Department of Health and Human Services, which it received on April 20, 2020. A copy of the SF-95 is attached as Exhibit 1.[2] On September 8, 2020, the Department of Health and Human Services denied Plaintiff Cartagena's claim because it was received "more than two years after the date on which it accrued and is, thus, untimely under the FTCA." The denial letter is attached as Exhibit 2. On September 23, 2020, Plaintiff Cartagena requested that the Department of Health and Human Services reconsider the denial, arguing that the SF-95 was timely because the deadline had been extended by operation of Florida state law. Plaintiff Cartagena's Request for Reconsideration is attached as Exhibit 3. The Department of Health and Human Services has not issued a response to Plaintiff Cartagena's request. Plaintiff Nelson Figueroa never filed a Standard Form 95 or any other administrative claim, nor was he included in any filed by Plaintiff Cartagena.

On February 5, 2021, Plaintiffs Cartagena and Figueroa, individually

---

[2] If a document is "(1) central to the plaintiff's claim and (2) undisputed," it is susceptible to consideration if attached to a motion to dismiss without the Court converting the motion to one for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, Plaintiff Cartagena's SF-95, the agency's denial of the claim, and Plaintiff Cartagena's request for reconsideration satisfy both requirements. The United States requests that the Court consider these documents without converting its motion to one for summary judgment.

and on behalf of their minor child, filed a complaint in Florida Circuit Court for the Tenth Judicial Circuit in and for Polk County against Defendants, Maria Martino-Villanueva, M.D., Krysta Fee, CNM, Women's Care Florida, LLC, and Suncoast Community Health Centers, Inc. for medical malpractice. Dkt. 2. Plaintiffs allege that Dr. Martino-Villanueva, Ms. Fee, and Suncoast failed to properly manage Plaintiff Cartagena's delivery, which caused J.F. to suffer a permanent injury. *See* Dkt. 2.

Because Plaintiffs' claims against Dr. Martino, Ms. Fee, and Suncoast Community Health Center were deemed to be federal employees working within the scope of their employment at the time of the alleged injury, the United States removed this case to federal court on March 9, 2021. Dkt. 1. The United States moved to substitute itself in place of Dr. Martino, Ms. Fee, and Suncoast Community Health Center on March 30, 2021. Dkt. 11.

## MEMORANDUM OF LAW

### A. The FTCA is a limited waiver of sovereign immunity requiring that an administrative claim be presented within two years.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, contains a limited waiver of the United States' sovereign immunity for certain tort claims. 28 U.S.C. § 2401(b) establishes the statutes of limitations as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within

> six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (2010). This statute must be strictly construed. As the United States Supreme Court explained, the FTCA limitations provision "is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). A claim is considered presented to the applicable agency when it receives a Standard Form 95 (SF-95) from the claimant or other written notification of an incident. 28 C.F.R. § 14.2. The two-year statute of limitations begins to run when the plaintiff is injured, but a medical malpractice claim "accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his or] her injury and its connection with some act of the defendant." *Price v. United States*, 775 F.2d 1491, 1494 (11th Cir. 1985).

Applying the FTCA statute of limitations here, Plaintiffs claims are forever barred. Plaintiffs' child was born on March 7, 2017. *See* Exhibit 1. Applying the two-year statute, Plaintiffs were required to file administrative claims by March 7, 2019, to seek relief under the FTCA. Instead, Plaintiff Cartagena did not file until April 20, 2020, more than a year after the deadline.

Plaintiff Figueroa has yet to file at all and has failed to exhaust his administrative remedies.

**B. The FTCA statute of limitations cannot be extended by state law.**

Plaintiff Cartagena, in her request for reconsideration to the Department of Health and Human Services, argued that the FTCA statute of limitations should be extended based on Florida law. Federal courts have declined to extend the statute of limitations for FTCA claims due to Florida law and state law more generally. In *Ramos v. United States Dep't. of Health and Human Services*, 429 Fed. Appx. 947, 949 (11th Cir. 2011), the plaintiff filed an administrative claim with the Department of Health and Human Services more than two years after her medical malpractice action had accrued. Before she filed her federal administrative claim, plaintiff had filed for a 90-day extension of the Florida statute of limitations under Fla. Stat. § 766.104(2). *Id.* The Department of Health and Human Services denied the claim as time-barred and plaintiff filed suit in the Middle District of Florida. *Id.* The defendant moved to dismiss on statute of limitation grounds, and the plaintiff argued that the claim was timely because of the 90-day extension under state law. *Id.* at 949-950. Further, the plaintiff argued that equitable tolling should apply because the plaintiff was unaware that the defendant was a federally funded health center and therefore the statute of limitations should be equitably tolled. *Id.* at 950. Ultimately, the

trial court granted the defendant's motion to dismiss. *Id.* The Eleventh Circuit affirmed, observing that, "the limitations period is set by the FTCA, *see* 28 U.S.C. § 2401(b), and thus state law is not applicable." *Id.* at 952. The Eleventh Circuit also rejected the argument that the plaintiff was entitled to equitable tolling for her own failure to diligent the federally funded clinic at issue to determine that it was subject to the FTCA. *Id.*

In *Phillips v. United States*, 260 F.3d 1316, 1317-1318 (11th Cir. 2001), the plaintiff argued that while she filed her complaint more than six months after receiving a final administrative decision, her complaint was timely based on the operation of the Georgia renewal statute, which permits dismissed actions to be refiled within six months without regard to limitation. The Eleventh Circuit noted that generally, a court will only look to state law to define the statute of limitation that applies to a federal claim only when Congress has failed to establish a federal statute of limitations. *Id.* at 1318. The court did not find relying on state law to be appropriate because, "[f]or claims brought under the FTCA, Congress has expressly stated the applicable limitation period." *Id.* citing 28 U.S.C. § 2401(b). The court affirmed the denial of the claim as untimely, reasoning that incorporating diverse state provisions into the FTCA would undermine the uniform application of the time limitation set by Congress. *Id.* at 1319.

The *Phillips* opinion cited a Fifth Circuit opinion *Mendiola v. United States*, 401 F.2d 695, 697 (5th Cir. 1968),[3] in which that court similarly rejected tolling the FTCA statute of limitations based on state law. The plaintiff had suffered personal injuries in 1963, then pursued a workers' compensation claim in state court, which would have tolled the statute of limitations for negligence under state law. *Id.* at 696-697. The plaintiff then filed an FTCA suit in 1967, arguing that his cause of action did not accrue until 1965, when the workers' compensation judgment was issued. The *Mendiola* court concluded that, as a matter of federal law, the plaintiff's claim had expired and the Texas tolling provision did not prevent the running of section 2401(b). *Id.* at 698.

Here, Plaintiff Cartagena filed her administrative claim more than three years after her cause of action accrued, and Plaintiff Figueroa has yet to file. As in *Ramos*, *Phillips*, and *Mendiola*, this Court should conclude Plaintiffs missed their two-year statute of limitations and that statute cannot be extended by state law. This Court should dismiss Plaintiffs' Complaint as untimely.

### C. Plaintiff Figueroa has failed to exhaust his administrative remedies.

Plaintiff Figueroa has yet to file an SF-95 with the Department of Health and Human Services and has failed to exhaust his administrative remedies.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Therefore, this Court lacks subject-matter jurisdiction over his claims. Before suing, a plaintiff must present an administrative claim to the pertinent federal agency. 28 U.S.C. § 2675(a). Section 14.2 of Title 28, Code of Federal Regulations, delineates the requirements for submitting an administrative claim. After filing a claim with the agency, the plaintiff must wait until either the agency denies the claim or at least six months after filing the claim. 28 U.S.C. § 2675(a). A federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency ... within two years from the time the claim accrues ... accompanied by a claim for money damages in a sum certain." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)). In multi-claimant cases, "[t]he FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government." *Dalrymple,* 460 F.3d at 1325. Thus, "in multiple claimant actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *Id.* (citation omitted).

In *Turner v. United States*, 514 F.3d 1194, 1197-1198 (11th Cir. 2014), the Eleventh Circuit addressed the situation where an SF-95 claim had been filed on behalf of a minor child. Thereafter, the minor child and both his parents individually filed suit. *Id.* at 1198. At the time the suit was filed, six months

had passed since the child's SF-95 had been filed, but six months had not passed since the parents' SF-95s had been filed. *Id.* The Eleventh Circuit held that because the parents' claims were not exhausted when they filed their complaint in district court, the district court lacked jurisdiction over the parents' claims. *Id.* at 1202. Here, the facts are different in that one parent filed an SF-95, but the jurisdictional principle is the same: a plaintiff must exhaust his or her administrative remedies before filing suit in district court. Because Plaintiff Figueroa had not exhausted his administrative claim when he filed suit, this Court lacks jurisdiction over his claim and his Complaint should be dismissed.

## CONCLUSION

WHEREFORE, the United States requests that the Court dismiss Plaintiffs' Complaint due to both Plaintiffs' failure to comply with the FTCA's statute of limitations individually and on behalf of their minor child, and due to Plaintiff Figueroa's failure to exhaust his administrative remedies individually and on behalf of his minor child.

## LOCAL RULE 3.01(g) CERTIFICATION

Assistant United States Attorney Mamie V. Wise conferred with Plaintiffs' counsel Jonathan Gilbert, Esq., by email on April 6, 2021. Mr. Gilbert advised that his clients oppose the relief sought in this motion.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By:     */s/ Mamie V. Wise*
MAMIE V. WISE
Assistant United States Attorney
Florida Bar No. 65570
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274-6200
E-mail: mamie.wise@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 8, 2021, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will serve all registered

users in this case.

*/s/Mamie V. Wise*
MAMIE V. WISE
Assistant United States Attorney