UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SORALIZ CARTAGENA and NELSON
FIGUEROA, individually and on behalf
of their child, J.F., a minor,

       Plaintiffs,

v.                               Case No. 8:21-cv-00547-KKM-TGW

MARIA MARTINO-VILLANUEVA, M.D.;
KRYSTA FEE, CNM; WOMEN'S CARE
FLORIDA, LLC; and SUNCOAST
COMMUNITY HEALTH CENTERS, INC.,

       Defendants.

_____/

## DEFENDANT, WOMEN'S CARE FLORIDA, L.L.C.'S, REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO WOMEN'S CARE FLORIDA, L.L.C.'S MOTION TO DISMISS

Defendant, Women's Care Florida, L.L.C., by and through its undersigned counsel ("WCF"), hereby files its Reply to the Plaintiffs' Memorandum of Law in Opposition to Women's Care Florida, L.L.C.'s, Motion to Dismiss (Doc. 49) to address the numerous inaccurate factual assertions and improper legal arguments put forth by the Plaintiffs.

First, WCF's Motion to Dismiss was timely filed given the explicit agreement to stay this matter until the issues of the applicability of the Federal Tort Claims Act and the representation of Maria Martino-Villanueva, M.D. ("Suncoast OB Martino") was resolved. (See Plaintiffs' Agreement to Stay as to WCF entered into

on February 2, 2021, attached as "Exhibit A"). WCF at all times relied upon that Agreement and the Plaintiffs' acknowledgement that WCF would not be filing an answer and/or responsive pleading until this process had concluded. Id. No where in this Agreement did the Plaintiffs' specify that this Stay was only applicable to the State action. Id.

Moreover, between March 21, 2021, and April 5, 2021, Counsel for the Plaintiffs routinely communicated with WCF and never once questioned why WCF had yet to respond, which is because they were aware that WCF was operating pursuant to the Stay. (See Communication to Plaintiffs' Counsel on March 25, 2021, attached as "Exhibit B"). Importantly, if the Plaintiffs truly believed that the mutually agreed upon Stay had, in fact, expired, which it had not, then they would have so advised on March 25, 2021, upon the inquiry of whether the Plaintiffs would be dismissing WCF because, if not, WCF would file a notice of appearance and respond. Id. However, no assertions of an untimely response were raised when WCF referenced the Stay, as the Plaintiffs knew it was still in place. Moreover, to the extent that the Plaintiffs claim that WCF's response is untimely as it was not filed within seven (7) days of removal to federal court, it is important to recognize that it could not have been as the notice of removal was never served upon WCF when filed and the Plaintiffs never provided it. WCF did not, and could not, have known about the removal until well after this seven (7) day time period. Thus, the Motion ought to be ruled upon.

Of significant concern, the Plaintiffs have used the leave requested by WCF to reply to the Plaintiffs' Response in Opposition of the United States' Motion to Dismiss as some type of evidence of the nexus they desperately seek. Entirely to the contrary, WCF felt compelled to correct the material misrepresentations the Plaintiffs made in their Response in Opposition to the United States' Motion to Dismiss. Shockingly, they represented: "As such, **Plaintiffs were unaware until March 9, 2021 (via removal)** that Dr. Martino was perhaps acting for Suncoast instead of Women's Care while at the hospital." (See Doc. 35) (emphasis added.) The Plaintiffs know this is a blatant falsehood as they expressly acknowledged the ongoing FTCA-deeming process for Suncoast OB Martino as early as **June of 2020**, **over eight (8) months prior**. (See Plaintiffs' Correspondence Acknowledging Suncoast OB Martino's FTCA Deeming Process on June 24, 2020, attached as "Exhibit C"). (See also Suncoast OB Martino's Presuit Discovery Responses **sent on July 10, 2020**, Doc. 35-8 ¶ 17) (specifying "any and all medical care and treatment rendered to patient, Soraliz Cartagena, during the delivery of J.F., was provided through Suncoast Community Health Center, Inc. As such, Dr. Martino Villanueva ought to be afforded protection and immunity under the Federal Tort Claims Act.")

In the Plaintiffs' Response, they also allege that Suncoast OB Martino "responded late **or did not respond at all**" to the Plaintiffs' presuit discovery requests. Although any references to the presuit screening period ought never be considered for any purpose in litigation (See WCF's Motion to Strike, Doc. 44), the

Plaintiffs are fully aware that Suncoast OB Martino absolutely responded to their presuit discovery requests, which they have repeatedly attached as exhibits to several prior pleadings in this case. (See Doc. 35-8 ¶ 17).

Another flagrant misrepresentation contained in the Plaintiffs' Response is that they requested Suncoast OB Martino's Contract with Suncoast Community Health Center but "no response was *ever received*" which they wish would have been provided because it would have "shed light" on this issue of her services for Suncoast Community Health Centers. This representation could not be farther from the truth. The Plaintiffs requested this contract on August 5, 2020, and it was provided within three (3) business days of the request. (See Correspondence from WCF Providing the Suncoast Agreement requested the week prior, attached as "Exhibit D").

Moreover, and although the Plaintiffs are attempting to suggest otherwise, Suncoast OB Martino never treated Ms. Cartagena during her prenatal care at WCF nor did Ms. Cartagena establish herself as a patient for OB management at WCF. Ms. Cartagena was a "Suncoast/Midwife Patient," as reflected in all of her medical records, who received her prenatal care from Suncoast Community Health Centers. She went to WCF for outside diagnostic prenatal testing, **only**, commencing on August 9, 2016. (Doc. 13-4). There are no allegations involving the imaging at WCF, as this case solely involves the timing and management of the delivery at the Hospital. This was WCF's only involvement in this case. Suncoast OB Martino never saw Ms. Cartagena at WCF, never provided any services to her

4

on behalf of WCF, and the Plaintiffs have been unable to offer any medical records to suggest otherwise. The only prenatal record referenced by the Plaintiffs that lists Suncoast OB Martino is a Nursing Triage record from Suncoast Community Health Centers on June 30, 2016, wherein Suncoast OB Martino, a Suncoast Provider, was listed as an auto-populated provider in the header. This is not a WCF medical record, and occurred prior to Ms. Cartagena ever stepping foot into WCF for prenatal diagnostic testing on August 9, 2016.  Id. As such, any attempts to suggest that Suncoast OB Martino rendered prenatal care through WCF or otherwise is misguided and intentionally inaccurate.

The Plaintiffs imply that Suncoast OB Martino was "chang[ing] hats" and that WCF is attempting to misrepresent for whom she was working at the time of the events at issue, this is utterly false. Rather, WCF has been crystal clear that OB Martino was not rendering care on its behalf when assisting at the end of Ms. Cartagena's delivery at the Hospital but was, instead, acting in her separate and distinct volunteer relationship with Suncoast Community Health Centers. Suncoast OB Martino never rendered medical care and treatment to Ms. Cartagena through WCF and, importantly, there were no Health Care Providers acting on behalf of WCF who were involved in Ms. Cartagena's labor and delivery at the Hospital, which is the only medical care and treatment subject to the pending medical negligence action. (See Doc. 25). The only claim pending against WCF is for its alleged vicarious liability for the medical care and treatment rendered by Suncoast OB Martino at the Hospital during the end of Ms. Cartagena's active labor

and delivery when consulted by the Suncoast Midwife, who has also been deemed to be an employee of the Public Health Service at the time of the at-issue medical care and treatment acting within that course and scope during the delivery at the Hospital. (See Docs. 11-1, 11-2).

The Plaintiffs' attempt to defeat the dismissal of WCF by claiming apparent agency likewise fails under Florida Law. Apparent agency is not, and has never been, pled by the Plaintiffs. (See Pls.' Compl. ¶¶ 43-44). An action against WCF cannot be maintained under a theory of vicariously liability that has never been pled. See Goldschmidt v. Holman, 571 So. 2d 422, 423 (Fla. 1990); Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126 (Fla. 1985). As the Plaintiffs have failed to plead apparent agency in their Complaint and each of the requisite elements to support such a cause of action are absent, it must not be considered by the Court.

Lastly, the Plaintiffs repeatedly suggest that they ought to be entitled to conduct limited discovery regarding the validity of the extensive United States' deeming process as to Suncoast OB Martino. WCF vehemently disagrees that limited discovery ought to be afforded and defers to the United States' arguments and caselaw that these issues must to be determined as a matter of law as referenced in its Motion to Substitute the United States of America as Defendant (Doc. 11), Motion to Dismiss and Memorandum of Law (Doc. 14), and all responses to the Plaintiffs' various motions.

WHEREFORE, the Defendant, Women's Care Florida, L.L.C., respectfully requests that this Honorable Court enter an order dismissing Count III of the Plaintiffs' Complaint; and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Mindy McLaughlin
MINDY MCLAUGHLIN, ESQUIRE
Florida Bar No.:  96260
CARISSA WHEELER BRUMBY, ESQUIRE
Florida Bar No.:   89438
BEYTIN, MCLAUGHLIN, MCLAUGHLIN,
O'HARA, & BOCCHINO, P.A.
1706 East Eleventh Avenue
Tampa, Florida 33605
Tel: (813) 226-3000; Fax: (813) 226-3001
Primary: mmeservice@law-fla.com
Secondary: law-fla@outlook.com
Attorneys for Defendant Women's Care Florida, L.L.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2021, this Reply to the Plaintiffs' Memorandum of Law in Opposition to Women's Care Florida, L.L.C.'s, Motion to Dismiss was filed using the Court's CM/ECF system which will provide a copy to all counsel of record.

 /s/ Mindy McLaughlin
Attorney

7