UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SORALIZ CARTAGENA and
NELSON FIGUEROA, individually
And on behalf of their child,
J.F., a minor,

    Plaintiffs,

v.                                Case No. 8:21-cv-00547-KKM-TGW

MARIA MARTINO-VILLANUEVA, M.D.;
KRYSTA FEE, CNM;
WOMEN'S CARE FLORIDA, LLC; and
SUNCOAST COMMUNITY HEALTH CENTERS, INC.

    Defendants.
_____/

**UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION TO CONDUCT LIMITED DISCOVERY AND TO STAY CASE**

    The United States has satisfied the requirements of the Federally Supported Health Centers Assistance Act (42 U.S.C. § 233), which is the operative statute for malpractice actions involving federally funded community health centers. Plaintiffs fail to provide more than conclusory abstractions to justify their request for discovery regarding the United States' decisions to deem Suncoast Community Health Center, Inc. to be an employee of the Public Health Service and to certify that two individuals were acting within the scope of their employment at Suncoast at the time this medical malpractice action arose. Moreover, it appears that Plaintiffs already have the relevant document they purport to seek, so their request appears moot.

    Consistent with 42 U.S.C. § 233, the United States moved to itself substitute in

1

place of named Defendants Maria Martino-Villanueva, M.D..; Krysta Fee, CNM; and Suncoast Community Health Centers, Inc. (Dkt. 11). In support of its motion, the United States provided a Declaration of Meredith Torres showing, in part, "that Suncoast Community Health Centers, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2016, and its coverage has continued without interruption since that time." Dkt. 11-2; *see* 42 U.S.C. § 233(g). The United States also provided a Certification of the Scope of Employment from the Acting United States Attorney as to Suncoast Community Health Centers, Inc., and two of its providers Maria Martino-Villanueva, M.D. and Krysta Fee, C.N.M. Dkt. 11-2. See 42 U.S.C § 233(c). Dr. Martino is an obstetrician-gynecologist who was providing obstetric services to Plaintiff Cartagena. Providers of obstetric services are specifically addressed in the statute. *See* 42 U.S.C. § 233(g)(5)(B).

In support of their motion, Plaintiffs rely on their own allegation that Dr. Martino was acting on behalf of the private entity Women's Care Florida, LLC, rather than Suncoast Community Health Center, when she delivered Plaintiff Cartagena's baby alongside Suncoast Certified Nurse-Midwife Fee. Plaintiffs cite their complaint as well as a prenatal medical record from Suncoast Community Health Centers, including Dr. Martino's name but making no mention of Women's Care Florida. *See* Dkt. 13-3. Plaintiffs argue that this Suncoast record somehow demonstrates that Dr. Martino treated with Women's Care Florida, even though it does not even mention Women's Care Florida. *Id.* The Women's Care Florida imaging records that Plaintiff did separately provide to the Court make no mention

of Dr. Martino.  *See* Dkt. 13-4.

Plaintiffs question whether there was an employment relationship between Dr. Martino and Suncoast Community Health Centers which would include the delivery at issue here, but they have also filed an employment agreement with this Court.  *See* Dkt. 13-2.  That contract reads on the first page as follows:

1. Section 1 of the Agreement is hereby amended as follows:

    This Agreement is renewed by the Parties for thirteen (13) months commencing on December 1, 2015, and ending at midnight on December 31, 2016.  While this Agreement creates no right to renewal it is the intent of the Parties for this Agreement to automatically renew for additional one (1) year terms absent ninety (90) days written notice by either party indicating the Party's intent not to renew.  Although renewals of the Agreement shall be automatic, absent proper notice to the contract, the Parties agree to acknowledge such renewals in writing at the beginning of each new term.  The aforementioned renewal writing shall be for administrative purposes only and failure to timely execute such right shall not be a basis for termination.

See Dkt. 13-2 at page 2 of 9.  While Plaintiffs are correct that the Agreement was originally for the year prior to Plaintiff Cartagena's delivery, by the plain language of the agreement, the employment relationship renewed automatically as agreed unless either side gave notice of intent not to renew.  Plaintiffs have not provided any indication that either side provided such notice.  Further, obstetrical care including deliveries were within the contractual responsibilities of Dr. Martino under that same agreement.  Exhibit B to the contract includes "Obstetrical Care" at the top of the list of services which Dr. Martino agreed to provide (Dkt. 13-2 at page 5 of 9).  Both uncomplicated deliveries and complicated deliveries are included on the next page.

3

Even despite this contract between Dr. Martino individually and Suncoast Community Health Centers, Plaintiffs speculate that Women's Care Florida has an agreement with Suncoast Community Health Centers that applied here. Plaintiffs further speculate that this supposed agreement would not qualify for FTCA coverage. These conclusory allegations do not justify the discovery that Plaintiffs seek. The United States has satisfied its burden under 42 U.S.C. § 233, and Plaintiffs have not provided anything beyond conclusory allegations to show otherwise.

In addition, Plaintiffs have raised their request for discovery before this Court multiple times, with regard to motions that are currently pending. *See* Dkt. 16 at 7; Dkt. 35 at 5, 19; Dkt. 40 at 5; Dkt. 41 at 4; Dkt. 42 at 4; Dkt. 49 at 6-11. The United States has addressed these requests in prior briefing before this Court.

WHEREFORE, the United States asks that this Court deny Plaintiffs' Motion for Leave to Conduct Limited Discovery and to Stay Case.

    Respectfully submitted,

    KARIN HOPPMANN
    Acting United States Attorney

By:    */s/ Mamie V. Wise*
    MAMIE V. WISE
    Assistant United States Attorney
    Florida Bar No. 65570
    400 North Tampa Street, Suite 3200
    Tampa, Florida 33602
    Telephone: 813-274-6000
    Facsimile: 813-274-6200
    E-mail: mamie.wise@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on June 8, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve all registered users in this case.

                                                */s/Mamie V. Wise*
                                                MAMIE V. WISE
                                                Assistant United States Attorney