UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SORALIZ CARTAGENA and
NELSON FIGUEROA, individually
and on behalf of their child, J.F., a minor,

    Plaintiffs,

v.                                                        Case No: 8:21-cv-0547-KKM-TGW

MARIA MARTINO-VILLANUEVA,
M.D.; KRYSTA FEE, CNM, WOMEN'S
CARE FLORIDA, LLC, and SUNCOAST
COMMUNITY HEALTH CENTERS, INC.,

    Defendants.
_____

# ORDER

Soraliz Cartagena and Nelson Figueroa, both individually and on behalf of their minor child, J.F., sued Suncoast Community Health Centers, Inc., Women's Care Florida, LLC, Maria Martino-Villanueva, M.D., and Krysta Fee, CNM, in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, for medical malpractice and vicarious liability related to the medical care that Cartagena and J.F. received during J.F.'s birth in March 2017. (Doc. 1-1.)

The United States removed the case, (Doc. 1), arguing that the exclusive remedy available to Plaintiffs as to three Defendants—Suncoast, Martino-Villanueva, and Fee—is

against the United States under the Federal Tort Claims Act (FTCA), given that the Secretary of Health and Human Services (HHS) "deemed" them employees of the Public Health Service (PHS) by operation of the Federally Supported Health Centers Assistance Act (FSHCAA), (Doc. 21 at 7). *See* 42 U.S.C. § 233(g)–(n). Plaintiffs move to remand, arguing that Martino-Villanueva and Fee were not in fact deemed employees of the PHS. (Doc. 13; Doc. 40.) The United States opposes the motion to remand. (Doc. 21.)

After consideration, the Court grants Plaintiffs' motion to remand because the United States failed to meet the statutory requirements for removal and thus this Court lacks jurisdiction. *See Allen v. Christenberry*, 327 F.3d 1290, 1296 (11th Cir. 2003).

I. BACKGROUND

A. Facts

On February 5, 2021, Cartagena and Figueroa, both individually and on behalf of J.F., sued Suncoast Community Health Centers, Inc., Women's Care Florida, LLC, Maria Martino-Villanueva, M.D., and Krysta Fee, CNM, in state court for medical malpractice and vicarious liability related to the medical care that Cartagena and J.F. received during the child's birth. (Doc. 1-1.)

During her pregnancy, Cartagena received prenatal care through Suncoast. (Doc. 1-1 ¶ 11.) Cartagena also received limited medical services from Women's Care, such as routine ultrasounds. (Doc. 13-4.) On March 6, 2017, Cartagena was admitted to Lakeland

2

Regional Medical Center for elective induction of labor at around forty-one weeks of gestation. (Doc. 1-1 ¶ 12.) Defendant Krysta Fee was the midwife during the day shift on March 7. (*Id.* ¶¶ 6, 8, 19.) Fee monitored Cartagena regularly and consulted with Defendant Maria Martino-Villanueva, the Ob/Gyn in charge of Cartagena's delivery. (*Id.* ¶¶ 3, 2.) Martino-Villanueva was an independent contractor with Suncoast. (Doc. 13-2.)

On March 7, at around 2:55 p.m., Martino-Villanueva delivered J.F. with the assistance of Fee. (Doc. 1-1 ¶ 24.) Approximately thirty seconds after delivery, the Natal Intensive Care Unit (NICU) was called due to multiple complications. (*Id.* ¶ 25.) J.F. was resuscitated, intubated, placed on a ventilator, and transported to the NICU's ward; then J.F. was transferred by air to Nemours Children's hospital around 5:35 p.m. (*Id.* ¶¶ 26, 28.) J.F. had a prolonged NICU stay at Nemours and was later diagnosed with hypoxic ischemic encephalopathy (HIE), for which she has received medical intervention and therapies. (*Id.* ¶¶ 29–30.) Plaintiffs allege that J.F.'s HIE has caused her permanent injury and significant impairments. (*Id.* ¶ 30.)

Plaintiffs allege medical negligence against both Martino-Villanueva and Fee for breaching their professional duties to provide reasonable medical care to Cartagena and J.F. (*Id.* ¶¶ 31-42.) In addition to the claims against the individual defendants, Plaintiffs allege a claim for vicarious liability under the doctrine of respondeat superior against Women's Care because it employed Martino-Villanueva at the time she engaged in the

3

above medical negligence. (*Id.* ¶ 43.) And finally, they allege a second count of vicarious liability under the doctrine of respondeat superior against Suncoast because it employed Fee at the time she engaged in the above medical negligence. (*Id.* ¶ 45.)

### B. Procedural History

On March 8, 2021, the HHS Secretary, through its Office of General Counsel, determined that Suncoast "was deemed eligible" for FTCA malpractice coverage through its status as an "employee" of PHS under the FSHCAA. That coverage began on January 1, 2016, and "has continued without interruption since that time." (Doc. 11-1.) In fact, the HHS Secretary had deemed Suncoast a PHS employee on three occasions before the deeming related to this action, initially effective January 2016. (*Id.* at 3–4 (July 14, 2015 deeming notice), 5–7 (June 23, 2016 deeming notice), 9–11 (August 22, 2017 deeming notice).) On March 9, 2021, the United States removed this action to federal court. (Doc. 1.) In the removal notice, the United States stated that, by operation of the FSHCAA, Defendants Fee, Martino-Villanueva, and Suncoast "were deemed to be Public Health Service employees, and therefore within" the FTCA. (*Id.*) As the basis for removal, the United States cited only 42 U.S.C. § 233(c). (*Id.*) Finally, on March 16, 2021—a week after removal—the Attorney General, acting through the United States Attorney for the Middle District of Florida, *see* 28 C.F.R. § 15.4 (permitting a United States Attorney to issue the appropriate certification on behalf of the Attorney General), certified that

4

Suncoast, Martino-Villanueva, and Fee were acting within the course and scope of [their] employment" at the time of the relevant events. (Doc. 11-2.)

Since removal, the parties filed multiple motions. The only relevant motion for present purposes is Plaintiffs' motion to remand, which the United States opposes. (Doc. 13; Doc. 21.)

### C. Statutory Framework

The United States ordinarily enjoys immunity from suit. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). But the federal government can choose to lower its sovereign-immunity shield by "unequivocally express[ing]" a waiver of sovereign immunity. *United States v. King*, 395 U.S. 1, 4 (1969).

The FTCA, otherwise known as the Westfall Act, provides a limited waiver of the United States' sovereign immunity in cases concerning federal employees. 28 U.S.C. § 2679(b)(1); *see Osborn v. Haley*, 549 U.S. 225, 229 (2007). Through it, Congress has waived the federal government's sovereign immunity when its employees are negligent within the scope of their employment. 28 U.S.C. § 1346(b); *see Brownback v. King*, 141 S. Ct. 740, 746 (2021). The FTCA "applies to *employees* of the federal government" and was "not intended to apply to all persons or groups that are in any way associated or receive funding from the federal government." *Del Valle v. Sanchez*, 170 F. Supp. 2d 1254, 1264 (S.D. Fla. 2001) (Gold, J.) (emphasis added). Nonetheless, the FSHCAA makes the

5

FTCA the exclusive remedy for medical malpractice against PHS employees, meaning those employees or contractors enjoy individual immunity from suit for conduct performed within the scope of their employment. 42 U.S.C. § 233(a); *see Hui v. Castaneda*, 559 U.S. 799 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.").

"The FSHCAA provides authority to remove cases to federal court only in specific and limited circumstances." *Allen*, 327 F.3d at 1293. As an initial matter, the state suit must be against a party that the HHS Secretary has "deemed" to be a PHS employee—meaning the HHS Secretary determined that the party is a federally funded "entity . . . [or] any officer, governing board member, employee, or contractor . . . of such an entity." 42 U.S.C. § 233(g)(1). After such a positive deeming by the HHS Secretary, the Attorney General may remove the action two ways. *See Allen*, 327 F.3d at 1294–95. Under the first route, the United States Attorney General must certify *before* removal that the defendant was acting within the scope of his employment at the time the incident giving rise to the suit occurred. *See* § 233(c). Under the second route, the Attorney General may appear in the state court action within fifteen days of being notified of the lawsuit and advise that court that the HHS Secretary has deemed the defendant to be a PHS employee. *See* § 233(l)(1). The only other avenue to federal court allows the defendants to remove and to

6

seek a determination of their status from the district court if the Attorney General fails to timely appear in state court. *See* § 233(l)(2); *Allen*, 327 F.3d at 1295 (generally describing the alternate routes to federal court).

After the removal requirements are satisfied, the district court then substitutes the United States as the proper defendant in place of the covered entities and individuals and dismisses the latter from the suit. *See Thomas v. Phoebe Putney Health Sys., Inc*, 972 F.3d 1195, 1198 (11th Cir. 2020) ("The United States is then substituted as the defendant, and the case proceeds against the United States under the FTCA." (citing § 233(a), (c))); *see also Hui*, 559 U.S. at 810 n.9 (noting that § 233(c), unlike § 2679(d), does not detail a "particular mechanism for substituting the United States in federal-court actions").

Here, a threshold question—one that neither Plaintiffs nor Defendants address—is whether the United States, as the removing party, has properly satisfied the FSHCAA's removal requirements. Because it is a matter of Article III jurisdiction, the Court must assure itself that subject matter jurisdiction existed at all stages of the case.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They are authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or

7

(3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). If a federal court determines that it lacks jurisdiction at any time while a removed action is pending, the case must be remanded to the state court where it originated. *See* 28 U.S.C. § 1447(c). And any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (cleaned up).

### III.   ANALYSIS

The sole basis for removal in this action is through the FSHCAA, a "specific statutory grant" of jurisdiction. *See PTA-FLA*, 844 F.3d at 1305; 42 U.S.C. § 233. Because this is a removal statute, the Court must construe the FSHCAA provisions providing federal court jurisdiction "narrowly[,] with doubt construed against removal." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Here, the HHS Secretary deemed Suncoast a PHS employee on March 8, 2021, the day before removal. (Doc. 11-1.) That deeming of Suncoast is uncontested and satisfies the first requirement to effectuate removal by the United States to federal court under the

8

FSHCAA. The parties disagree about whether Fee and Martino-Villanueva were also deemed PHS employees by the HHS Secretary, given that the deeming notice does not expressly include them. (Doc. 40 at 4.) But assuming the HHS Secretary deemed Fee and Martino employees, as explained below, the United States failed to comply with the removal requirements in either § 233(c) or § 233(l)(1)—the only statutorily provided ways for the Attorney General to effect removal. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 105 (1998) (explaining that the court can choose to address jurisdictional questions in any order). Nor does § 233(l)(2) apply, which permits only defendants to remove, not the United States.

Section 233(c) mandates that the Attorney General remove the case after he (or his designee) certifies that the defendant in the state action "was acting in the scope of his employment at the time of the incident out of which the suit arose." *Id.* ("*Upon* a certification" by the Attorney General "any such civil action or proceeding commenced in a State court *shall* be removed . . . by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the [FTCA]." (emphasis added)); *Allen*, 327 F.3d at 1295 (describing § 233(c) removal as "mandatory"). But § 233(c) does not provide for the United States to remove the case *before* the Attorney General has issued a positive certification, even if the HHS Secretary has already deemed

9

the defendant a PHS employee. *Cf. Oviedo v. Hallbauer*, 655 F.3d 419, 425 (5th Cir. 2011) (concluding that a state court had jurisdiction over a case where the defendants had only been deemed employees and lacked certification from the Attorney General).

Here, the Attorney General gave a notice of certification that the relevant defendants were acting within the scope of their employment after the United States removed the case. (Doc. 1 (removal notice filed March 9, 2021); Doc. 11-2 (within-the-scope certification issued on March 16, 2021).) Because that certification came after removal, it does not satisfy § 233(c)'s removal requirements. Because § 233 is a removal statute, it must be strictly construed. *See Diaz*, 85 F.3d at 1505; *Allen*, 327 F.3d at 1293. And jurisdiction cannot be retroactively cured—the Court must assure itself that subject matter jurisdiction existed at the time of removal. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (noting the "hornbook" rule that "'the jurisdiction of the court depends upon the state of things at the time of the action brought'" (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824))).

Section 233(l)(1), through a less direct route, also mandates that the Attorney General remove the case to federal court if its requirements are satisfied. To do so, the Attorney General must appear in state court within fifteen days of receiving notice of the action and advise the state court whether there has been a positive deeming by the HHS Secretary. *Id.* (explaining that the Attorney General "shall make an appearance in [state]

court and advise such court as to whether the [HHS] Secretary has determined [that the defendant] is deemed to be an employee of the Public Health Service"). If the Attorney General advises that the HHS Secretary has deemed the defendant a PHS employee, "[s]uch advice shall be deemed to satisfy the [certification] provisions of subsection (c)." *Id.* Essentially, notification to the state court of a positive deeming by the HHS Secretary constructively satisfies § 233(c)'s certification requirement by the Attorney General that the defendant "was acting within the scope of their employment or responsibility." *Id.* And then § 233(c)'s mandate to remove by the Attorney General springs into force. *See Allen*, 327 F.3d at 1294 ("If [the Attorney General] advises the court that HHS has determined that the employee is deemed an employee of PHS—which also amounts to a certification that the employee was acting within the scope of employment—the Attorney General must remove the case to federal court.").

The United States also did not satisfy the indirect route of removal under § 233(l)(1). Although the United States bears the burden of establishing that removal was proper, it provides no evidence of when it was first notified of the suit against Defendants. Thus, this Court cannot assess whether it appeared and advised the state court in a timely fashion—meaning within fifteen days of being notified of the suit—of Defendants' deeming status by the HHS Secretary.

11

Although a bit of an oddity in that one route—under § 233(c)—requires both a positive deeming by the HHS Secretary and a positive certification by the Attorney General that defendant was acting within his scope of employment and the other route—under § 233(l)(1)—requires only that the Attorney General timely certify to the state court that the HHS Secretary deemed the defendant a PHS employee, there are still only two routes of removal to federal court by the Attorney General. Given that the United States removed to this Court, (Doc. 1), it must satisfy the removal procedures outlined in either § 233(c) or § 233(l)(1). As explained, the United States has failed to show that it has done so.

Section 233(l)(2) provides a third route of removal to federal court but only the state-court defendants may use it. *Id.* ("[U]pon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court."). When the Attorney General fails to appear in state court within fifteen days of receiving the deeming notice, the defendants may petition for removal and the federal district court must stay the action, conduct a hearing, and determine whether the FTCA through the FSHCAA applies to the defendants. *See id.* ("The civil action or proceeding shall be stayed in [federal] court until such court conducts a hearing, and makes a determination, as to the appropriate forum

or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination.").

Section 233(l)(2) does not apply here. The United States does not cite this provision as a basis for removal in its removal notice or argue anywhere that it governs. (Doc. 1.) And assuming the Attorney General failed to appear within fifteen days after receiving notice as required by § 233(l)(2), the United States—not Defendants—filed the "petition" for removal in this action. (Doc. 1 at 4 ("[T]he United States removes this action . . . .") Further, the United States asserts that the Court lacks any authority to review both the HHS Secretary's deeming and the Attorney General's post-removal acting-within-the-scope certification. (Doc. 21 at 4.) But § 233(l)(2) directs the district court to stay the case and conduct a hearing to decide whether the defendants enjoy individual immunity under the FTCA through the FSHCAA, the very issue that the United States argues this Court cannot revisit. Thus, the United States has effectively disclaimed any reliance on § 233(l)(2) for removal.

The burden of establishing that removal was proper is on the removing party. *See Kirkland*, 243 F.3d at 1281 n.5. The United States has not carried its burden because it fails to show that it has met the removal requirements under any pathway provided for in § 233. It is possible, indeed likely, that the United States will attempt to remove again to

13

this Court after remand. But it must demonstrate compliance with § 233 for this Court to have jurisdiction.

## IV. CONCLUSION

The Court grants Plaintiffs' motion to remand because the FSHCAA provides for removal only in limited circumstances that the United States has not shown are present here. Because removal was improper, the Court lacks jurisdiction over this case. Accordingly, Plaintiffs' Motion to Remand (Doc. 13) is **GRANTED**. The Clerk is directed to **REMAND** this action to the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, and to transmit a certified copy of this order to the clerk of that court; to **TERMINATE** any pending motions and deadlines; and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 30, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

14